# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STANLEY WILLIAMS,
  *Plaintiff*,

v.

No. 3:10-cv-1783 (JAM)

STEVEN LANESE, et al.,
  *Defendants*.

## RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Stanley Williams alleges that police officers for the City of Waterbury beat him and denied him access to needed medical treatment in May 2009. More than five years after this case was filed, he concedes that there is no triable issue of fact with respect to any of the individual defendants he named in his complaint, and he now seeks leave to amend his complaint to substitute the City of Waterbury as the sole defendant. I conclude that no genuine issue of fact remains as to the individual defendants and that plaintiff's proposed amendment to his complaint would be futile, because the statute of limitations bars his claims against the City of Waterbury. Accordingly, I will grant defendants' motion for summary judgment and deny plaintiff's motion for leave to file an amended complaint.[1]

### BACKGROUND

In May 2009, pursuant to a valid warrant, Waterbury police officers forcibly entered the home of plaintiff's sister to arrest plaintiff. Plaintiff alleges that the officers beat him severely while he was held in handcuffs. After the officers had taken plaintiff to the police department,

---

[1] Notwithstanding the Court's ruling today, the Court expresses its appreciation to *pro bono* counsel—Adam Bercowetz and William Cass of the law firm of Cantor Colburn LLP—for their devoted representation of plaintiff in this case and notwithstanding the adverse circumstances they faced because of the severe lapses of prior appointed counsel.

plaintiff alleges that the officers denied him medical care, beat him further, and threatened his life.

Plaintiff filed this case *pro se* against several Waterbury police officers in November 2010, and defendants have moved for summary judgment. Doc. #46. Now represented by counsel, plaintiff concedes that there is no basis to pursue his original complaint against the Waterbury police officers. Doc. #78 at 1. Instead, he requests leave to amend his complaint to substitute the City of Waterbury as a defendant. He seeks to bring a *Monell* claim under 42 U.S.C. § 1983—alleging that the city employed an unconstitutional custom, policy, or practice in overseeing its police department—and also a claim for negligent infliction of emotional distress.

## DISCUSSION

### *Motion for Summary Judgment*

A court may grant summary judgment if there is no genuine issue of fact for trial. *See* Fed. R. Civ. P. 56. Defendants have filed a motion for summary judgment that persuasively demonstrates the lack of any facts to show that any of the individual defendants were a culpable party to any of the wrongful acts that plaintiff has alleged. Plaintiff concedes through counsel that there is no genuine issue of fact as to any of the individual defendants, and my own review of the submissions in this case similarly convinces me that summary judgment should be granted for substantially the reasons set forth by defendants' counsel at oral argument on this motion. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197 (2d Cir. 2014) (explaining basis for court to grant an unopposed motion for summary judgment).

### *Motion for Leave to File Amended Complaint*

A court should generally "freely give" leave to a plaintiff to amend a complaint. Fed. R. Civ. P. 15(a). "However, leave to amend a complaint may be denied when amendment would be

futile." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). A proposed amendment is futile when it makes a claim that is barred by the statute of limitations. *See Jennis v. Rood*, 310 F. App'x 439, 440 (2d Cir. 2009).

Plaintiff seeks to bring new claims against the City of Waterbury, more than five years after the original filing of his complaint, and more than six years after the alleged incident that gave rise to his claims. Section 1983 claims are subject to a three-year statute of limitations in Connecticut. *See Spak v. Phillips*, __ F. Supp. 3d __, 2015 WL 5999325, at *2 (D. Conn. 2015); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (§ 1983 statute of limitations is "that which the State provides for personal-injury torts"). The statute of limitations for negligent infliction of emotional distress is two years. *See* Conn. Gen. Stat § 52-584; *Rivera v. Double A Transp., Inc.*, 248 Conn. 21, 31 (1999). Unless plaintiff can show an exception to or tolling of the statutes of limitations, therefore, his new claims against the City of Waterbury are time-barred.

Plaintiff argues that the Court should apply the "relation-back" doctrine, and hold that his new claims relate back to the date of his original filing. Under Fed. R. Civ. P. 15(c)(1)(C), an amended pleading that "changes the party . . . against whom a claim is asserted" will relate back to the original date of filing if the asserted claim "arose out of the conduct, transaction or occurrence set out . . . in the original pleading," *and*, within the period for serving the original summons and complaint, the new party:

> (i)   Received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii)  Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id*.; *see also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). The originally named defendants were police officers for the City of Waterbury and were represented by a City

attorney. Plaintiff contends, therefore, that the City was well aware of the action within the proper time, and would not be prejudiced by being added as a party now.

Even assuming for the sake of argument that the City would not be prejudiced by being added as a defendant, there is no valid basis to conclude that the City knew or should have known it was a proper party to this action. Plaintiff of course does not claim that he was unaware of the City's identity when he filed his original complaint.  *See Enter. Mortgage Acceptance Co., LLC, Sec. Litig. v. Enter. Mortgage Acceptance Co.*, 391 F.3d 401, 405 n.2 (2d Cir. 2004), *as amended* (Jan. 7, 2005) (amendment did not relate back where, at time of original complaint, plaintiff knew the identity of, but did not name, the company he proposed to add as a defendant).

The Second Circuit has articulated narrow circumstances where a mistake of law, rather than a mistake of identity, can allow a substituted party to relate back to the time of the original complaint. *See Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 36 (2d Cir. 1996). Courts in this circuit, however, have generally limited this rule to cases where the original complaint was clearly not legally sufficient without the new defendants, thus giving them notice that the plaintiff's failure to name them was due to a misunderstanding of law. *See id.* at 36-37; *Martinez v. Robinson*, 2001 WL 498407, at *3 (S.D.N.Y. 2001).

There is nothing to suggest that plaintiff's original complaint—which alleged that police officers had used unreasonable force and denied him medical attention—was on its face legally insufficient without the City named as a defendant. Plaintiff further does not seek to maintain his original cause of action while only changing the named defendant. He instead seeks to bring new causes of action against a new defendant, and also seeks to broaden the case to implicate a "custom, policy or practice" that the City employs when hiring, training, supervising, and

disciplining its officers. *See, e.g., Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015).

Accordingly, I cannot conclude that the failure to name the City of Waterbury as a defendant was due to any kind of mistake, or that the City should have known that it would have been named but for such a mistake. *See Martinez*, 2001 WL 498407, at *3 (where original complaint, which alleged excessive force by correctional officers in violation of § 1983, "was entirely sufficient without a tort claim against the City ... the City would not have known that, but for the plaintiff's mistake, it would have been named"). The addition of the City of Waterbury in this action would therefore not relate back to the date of the original complaint, and the claim is time-barred. I will therefore deny plaintiff's motion to amend because amendment would be futile.

## CONCLUSION

Defendants' motion for summary judgment (Doc. #46) is GRANTED, and plaintiff's motion to amend his complaint (Doc #77) is DENIED.

The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 1st day of March 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

5